**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **CEDAR LANE TECHNOLOGIES, INC.,** *Plaintiff,* | § | |
| **v.** | § | **MO:25-CV-00271-DC** |
| **CANVA US, INC.,** *Defendant.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is United States Magistrate Judge Derek T. Gilliland's Report and Recommendation ("R&R")[1] concerning Defendant Canva US, Inc.'s ("Canva") Motion to Dismiss (the "Motion").[2] Canva filed Defendant Canva US, Inc.'s Objection to Report & Recommendation to Deny Motion to Dismiss ("Canva's Objections"), expressing its discontent with the R&R.[3] Having considered the relevant submissions, the record, and the applicable law, the Court believes that Canva's Objections should be **OVERRULED** and the R&R should be **ADOPTED**.

**BACKGROUND**

Plaintiff, Cedar Lane Technologies, Inc. ("Cedar Lane"), claims ownership to United States Patent No. 8,438,485 ("the '485 Patent"). Prior to the '485 Patent's existence, Cedar Lane explains, technological limitations inhibited users from leveraging full, interactive function of personalized audio content. Busy, multitasking individuals were functionally tethered to these virtual restraints. For example, online newspapers and magazines could not

[1] Doc. 40.
[2] Doc. 28.
[3] Doc. 42.

be utilized, fully and effectively, while driving, exercising, or otherwise multitasking because of their visual and page-based nature.

The '485 Patent purportedly ameliorates these shortcomings through the "inventive system of Claim 26."[4] Claim 26 integrates three interconnected computer subsystems to foster automated, rule-based customization and generates interactive audio publications. Generally, Cedar Lane distinguishes the '485 Patent from traditional, antiquated talk-to-text mechanics. Instead, the patent-at-issue offers a more personalized, efficient experience, malleable to each individual user and their respective consumption needs.

Cedar Lane complains that Canva has infringed one or more claims of the '485 Patent. So, Cedar Lane asks for relief in this Court.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error.[5] Because Canva filed objections to the R&R, this Court administers *de novo* review as to the objected-to portions, and clear error for the remainder.

## DISCUSSION

[4] Doc. 27 at 4.

[5] *See* Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Canva asks the Court to dismiss Cedar Lane's claims. It first argues that Cedar Lane has not plausibly alleged that Canva infringes its patent. Then, Canva contends the asserted claim is invalid under 35 U.S.C. § 101.

The R&R recommends denying the Motion because Cedar Lane provided sufficient facts to allege a plausible claim and factual disputes prevent the finding of invalidity at this stage. Canva filed objections to the R&R, challenging its findings and conclusions on three grounds. The Court finds each unavailing.

## I. The Report and Recommendation utilizes the correct standard.

Canva claims the Magistrate Judge erred by applying the wrong standard, focusing on the level of detail included in the First Amended Complaint while omitting a claim-based analysis. This objection appears to be sullied in semantics.

Canva suggests the R&R's conclusion is based "principally on its claim that the FAC pleads a sufficient 'level of detail.'"[6] Instead, in Canva's eyes, the Magistrate Judge was supposed to determine whether Cedar Lane has plausibly alleged infringement. However, the two ideas are not mutually exclusive. And it is a mischaracterization of the R&R. Indeed, the R&R concludes the complaint "sufficiently alleges infringement through the claim chart incorporated into the complaint," *and* involves allegations detailed "at a level that provides fair notice for what's been alleged."[7]

To be sure, the R&R, additionally, says: "This description and level of detail is sufficient for the pleading stage."[8] But to conclude that Canva's claims passed muster *only*

---

[6] Doc. 42 at 4.
[7] Doc. 40 at 3–4.
[8] *Id.* at 4.

based on detail requires reading this phrase in isolation, a reading the Court finds unpersuasive. The R&R applied the correct standard.

Thus, this objection should be **OVERRULED**.

## II. Cedar Lane plausibly alleges infringement.

Canva argues that the R&R erred because it fails to address the fact that Cedar Lane does not plausibly allege infringement. Specifically, Canva believes the R&R's analysis fell short as to four limitations: (1) interactive audio publication; (2) custom audio publication templates; (3) source audio publications; and (4) subscriber portal. Cedar Lane believes claim construction is the more appropriate realm to confront these limitations. The Court agrees.

Rule 12(b)(6) allows the Court to dismiss a complaint for failure to state a claim unless it contains sufficient factual matter, to be accepted as true, to state a claim to relief that is plausible on its face, and all reasonable inferences must be construed in favor of the non-movant.[9]

First, Canva argues Cedar Lane fails to plausibly allege that the accused product breaches the limitation requiring a "system for generating, customizing, distributing, and presenting an interactive audio publication to a user."[10] It specifically takes issue with the R&R's conclusion that the term "interactive" should be defined first. But the Parties'

---

[9] *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1347 (Fed. Cir. 2018).

[10] Canva cites *Ottah v. Fiat Chrysler*, 884 F.3d 1135 (Fed. Cir. 2018) for the proposition that no construction of the claims plausibly alleges infringement. (Doc. 42 at 5). Notably, that case involves review of the summary judgment stage, and the court found that the term "book holder" could not be construed to include a camera holder, "*in view of the specification and the prosecution history*." *Ottah*, 884 F.3d at 1141–42 (emphasis added). That case is inapposite; the same perspective is not before the Court.

disagreement of the term's meaning, in tandem with its application in the claim chart, is revealing.

The relevant limitation mandates a distribution of "the generated audio publication to the subscriber for *interactive* presentation."[11] To distinguish, Canva emphasizes that its users only generate content in an interactive *manner*. But resolution of this limitation turns on the construction of the term "interactive": does the interactivity encompass viewer- or listener-side controls as opposed author- or editor-side controls? This is the type of dispute that is primed for claim construction.

Second, Canva suggests the limitation requiring the "custom audio publication templates" containing "custom sections, such that each custom section contains one or more audio content item assignment rules," is not plausibly alleged.[12] But the claim chart targets Canva's custom templates, which apparently include a "collection of user-specified rules" that are applied to content to present the resulting audio publication.[13] To be sure, Cedar Lane isolates Canva's subscriber portal, which purportedly fosters the customization of audio publication templates containing multiple sections, assigns different voice rules per section, and generates complete audio publications by applying said rules. So, whether Canva's section-based voice choices plausibly constitute the claim's "audio content item assignment rules" or whether its pages and designs plausibly constitute "custom sections" within a custom audio publication template depends on how the claim is ultimately construed at a later stage.

[11] Doc. 27-2 at 17 (emphasis added).
[12] Doc. 42 at 6–7.
[13] Doc. 27-2 at 6.

Third, Canva complains that the R&R did not identify which term in the limitation regarding "source audio publications" requires construction.[14] This is a closer call. The limitation utilizes the phrase "source audio publications."[15] In turn, the claim chart alleges that Canva's templates "include a collection of user-specified rules that are applied to content items in a source audio publication to generate the custom audio publication."[16] But to read this limitation as requiring a discrete, pre-recorded, or externally sourced audio file as opposed to Canva designs or sections, AI voice options, user-provided text, and generated voice tracks is unnecessarily narrow at this stage. This should be left for claim construction.

Fourth, Canva believes the limitation requiring a "subscriber portal" with the "subscriber being a subscriber to the audio publication," does not properly allege infringement.[17] Canva argues that an "audio generation and distribution" service is not the same as an "audio publication," and summarily concludes that because there is no audio publication in the accused product, there can be no subscriber portal. But this objection assumes that "subscriber to the audio publication" does not encapsulate an integrated service through which the subscriber may create, store, access, distribute, and present publication. To be sure, the claim chart identifies Canva's subscription-based portal with account management and audio content access capabilities. The claim chart further explains that, through the same, users may access the AI voice generator tools that create professional voiceovers, podcasts and audio content with various voice options. And, with the term

[14] Doc. 42 at 7.
[15] Doc. 27-2 at 7.
[16] *Id.* at 6.
[17] Doc. 42 at 7–8.

"audio publication" remaining unconstrued, the Court believes this survives dismissal at this stage.

As such, this objection should be **OVERRULED**.

## III. Fact issues preclude an invalidity finding at this stage.

Canva concludes that Cedar Lane's claim is invalid under 25 U.S.C. § 101 because it is based on an abstract idea and lacks an inventive concept. The Court believes this conclusion would be premature on an underdeveloped record.

The protection of a patent is available to one who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof."[18] However, this defense does not shield "[l]aws of nature, natural phenomena, and abstract ideas."[19] So, the Court must determine whether the claims before it are directed to a patent-ineligible concept.[20] If they are, it must decide whether the claims contain an "inventive concept" sufficient to transform the claimed abstract idea into a patent-eligible application.[21] Notably, patents granted by the Patent and Trademark Office are presumptively valid.[22] And, while patent eligibility is ultimately a question of law, it often includes underlying issues of fact.[23] This inquiry may be resolved with Rule 12 scrutiny "only

[18] 35 U.S.C. § 101.
[19] *Alice Corp. Pty. v. CLS Bank Int'l,* 573 U.S. 208, 216 (2014) (citing *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)).
[20] *Id.* at 218.
[21] *Id.* at 221 (citing *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 79 (2012)).
[22] *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) ("This presumption reflects the fact that the Patent and Trademark Office has already examined whether the patent satisfies 'the prerequisites for issuance of a patent,' including § 101.") (citing *Microsoft Corp. v. i4i Ltd.*, 564 U.S. 91, 100 (2011)).
[23] *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022) (citing *Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018)).

if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic and Rule 12 record in favor of the non-movant."[24]

Notwithstanding the Court's inclination at *Alice* step one, the Court believes more facts are required at *Alice* step two. Here, Cedar Lane claims the prior art "lacked technological capability for meaningful personalization and customization of audio content."[25] It highlights companies like BuzzVoice and Stitcher—companies using computerized text-to-speech technology and user-created audio podcast playlists, respectively—as requiring "manual playlist creation" as opposed to "automated, rule-based system[s] for intelligently selecting and organizing audio content according to user interests."[26]

Cedar Lane urges that the prior art was unable to "generate structured audio content items with metadata enabling interactive presentation."[27] Conversely, the '485 Patent, through Claim 26, "integrates three interconnected computer subsystems to provide automated, rule-based customization and generation of interactive audio publications."[28] Cedar Lane likewise proposes several other purportedly inventive concepts: its structure enabling interactive presentation, customization of automated generation of audio publications based on user-defined templates, and the subscriber portal's integrated

---

[24] *Id.* (citations omitted).
[25] Doc. 27 at 3.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 4.

management of accounts, profiles, and content access.[29] Taken as true, on this record, the Court is unable to conclude that Cedar Lane's claims lack an inventive concept.[30]

In turn, this objection should be **OVERRULED**.

## CONCLUSION

Having analyzed the objected-to portions of the R&R *de novo*, the Court reviews the remainder of the R&R for clear error.[31] Finding none, the Court **ADOPTS** the R&R and **ORDERS** that Defendant Canva US, Inc.'s Motion to Dismiss[32] be **DENIED**.

It is so **ORDERED.**

SIGNED this 23rd day of September, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

[29] *Id.* at 4–6.
[30] *See Berkheimer*, 881 F.3d at 1368 ("The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact."); *Cellspin Soft, Inc.*, 927 F.3d at 1318; *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 883 F.3d 1121, 1129–30 (Fed. Cir. 2018).
[31] 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").
[32] Doc. 28.